IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SCOTT MacARTHUR, #524290, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-00115 |
| ) | Judge Haynes / Knowles |
| MARSHALL COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Three matters are currently before the Court. The first is a Motion for Summary Judgment filed by Defendant Derrick Schofield, Tennessee Department of Correction ("TDOC") Commissioner. Docket No. 112. Defendant filed his Motion for Summary Judgment, supporting Memorandum of Law, Statement of Undisputed Facts, and Certified Copy of Plaintiff's Institutional Medical Records on April 1, 2015. Docket Nos. 112-115.[1] In his Motion, Defendant additionally incorporates by reference the previously-filed Affidavits of Drs. Melissa Breitling (Docket No. 63) and Pepito Salcedo (Docket No. 77-1). Plaintiff has filed a Response with attached unauthenticated documents (Docket Nos. 123 - 123-2), and Defendant has filed a Reply (Docket No. 124) to that Response.

The second matter before the Court is a "Motion for Summary Judgment Liability" filed

---

[1] Defendant Schofield appears to be the only remaining Defendant who has been served. Marshall County was terminated as a Defendant in this action, and the record reflects that neither "Department of Health Services/TDOC" nor "Dr. R. Stulz" has been served.

by Plaintiff on July 17, 2015. Docket No. 135.[2] The body of that Motion explains that Plaintiff seeks partial summary judgment solely on the issue of liability. *Id.* Defendant has filed a Response in opposition to Plaintiff's Motion. Docket No. 137.

The third matter before the Court is a "Notice to the Court of Expiration of Prison Sentence of Plaintiff Scott MacArthur," which is essentially a Motion to Dismiss, filed by Defendant on November 9, 2015. Docket No. 157. That "Notice" seeks the dismissal as moot of Plaintiff's claims for injunctive relief, since Plaintiff is no longer in TDOC custody. *Id.* Plaintiff has filed a "Motion to Stop Dismissal of Claim Due to Plaintiff Being Moved from State Custody," which the Court will construe as a Response to Defendant's "Notice." Docket No. 160. Defendant has filed a "Response" to Plaintiff's "Motion," which the Court will construe as a Reply. Docket No. 162.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, alleging that Defendants violated his Eighth Amendment rights when they denied him "proper medical attention," devices, equipment, and medication; failed to provide him with appropriate medical accommodations for his "handicapt [*sic*]," including a secured shower seat; housed him with a cellmate who had Hepatitis C, and refused to test Plaintiff for Hepatitis C; and placed him in "lockdown isolation" for over ninety days. Docket No. 1. Plaintiff seeks knee replacement surgery and pain medication, and specifically lists as his "Relief Requested": "Finacial [*sic*]" and "Monetary." *Id.,* p. 6.

In his Motion for Summary and supporting materials, Defendant Schofield argues that

---

[2] Plaintiff has not filed a supporting Memorandum of Law, a Statement of Undisputed Facts, or any other materials in a form required by Fed. R. Civ. P. 56, nor has he filed a Response to Defendant's Statement of Undisputed Facts.

2

there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law because the undisputed facts demonstrate that there has been no deliberate indifference to Plaintiff's serious medical needs. Docket Nos. 112-115. Specifically, Defendant argues that there is no medical need for Plaintiff to have knee replacement surgery; that all of Plaintiff's medical needs and complaints have been addressed; and that Plaintiff has had access to, and received, appropriate medical care and treatment. *Id.* In support, Defendant cites the opinions of Drs. Breitling and Salcedo, as incorporated into the record. *See* Docket Nos. 63, 77-1. Specifically, Defendant asserts that Dr. Breitling has "unequivocally testified that in her medical opinion there is '**no clinical indication of the need for replacement of either knee, no indication of need for the use of narcotics as part of his pain management, and no indication of need at this time for any mobility aids or prostheses other than the brace that he currently wears for his foot drop**.'" Docket No. 113, p. 6, *quoting* Docket No. 63, Affidavit of Melissa Breitling, M.D., at ¶ 5. (Emphasis original.) Defendant further asserts that Dr. Salcedo also confirms that a knee replacement is not medically indicated for Plaintiff and that Plaintiff is receiving medication. *Id.*, *citing* Docket No. 77-1, Affidavit of Pepito Salcedo, M.D. Defendant argues, therefore, that Plaintiff's deliberate indifference claims should be dismissed.

Defendant additionally argues that because Plaintiff has no medical need to be housed at DeBerry Special Needs Facility, the Court should vacate its previous Order (Docket No. 37)[3] and allow TDOC to transfer Plaintiff to another facility. *Id.*

Plaintiff responds that Defendant's Motion should be denied because the "evidence

---

[3] On April 21, 2014, Judge Haynes ordered that Plaintiff be transferred to the DeBerry Special Needs Facility. Docket No. 37.

show[s] that defendants have violated his constitutional rights." Docket No. 123. Plaintiff contends that his medical records demonstrate that he is in need of a total knee replacement and pain medication. *Id.* Plaintiff argues that Dr. Breitling denied him the pain medication and walking cane he requested, and therefore "denied him humane treatment." *Id.* Plaintiff further argues that his condition is degenerative, that he suffers more pain as his condition gets worse, and that "without this surgery he is in a case of <u>Dilibert [*sic*] Indifference</u>." *Id.* (Underlining original.) Plaintiff also argues that his pain establishes that he has suffered compensable damages and he contends that his request for injunctive relief is not moot. *Id.*

As to Defendant's request to have the Court vacate its previous Order (Docket No. 37), Plaintiff notes that Judge Haynes Ordered his transfer to DeBerry Special Needs Facility specifically because he had not been getting the proper medical attention and medication for his pain and he argues that he would stop receiving this care if he were transferred elsewhere, such that "he must remain as a prisoner at this facility." *Id.*

In his Reply, Defendant notes that Plaintiff's submissions are unauthenticated hearsay and not in a form required by Fed. R. Civ. P. 56. Docket No. 124. Defendant argues that Plaintiff has thus failed to adduce any admissible evidence or establish that there is any material fact in dispute. *Id.* Defendant asserts, therefore, that the only admissible evidence before this Court that is relevant to Plaintiff's medical condition and care are Dr. Breitling's Affidavit (Docket No. 63) and the certified copy of Plaintiff's TDOC institutional medical records, which includes the records of Dr. Saulcedo. *Id.* Defendant reiterates his contentions that the undisputed facts show that: (1) there has been no deliberate indifference to Plaintiff's serious medical needs; and (2) Plaintiff has no medical need to be housed at DeBerry Special Needs Facility, such that the

4

Court should vacate its previous Order (Docket No. 37) and allow TDOC to transfer Plaintiff to another facility. *Id.*

Plaintiff, in his "Motion for Summary Judgement [*sic*] Liability," seeks summary judgment on the issue of liability only. Docket No. 135. Plaintiff argues that he has "clearly shown" by his medical records, affidavits, and Judge Haynes' Order transferring him to DeBerry Special Needs Facility that he is in need of total knee replacement surgery for both knees and medication for his pain, such that he has proven that Defendants were deliberately indifferent to his serious medical needs and he is entitled to summary judgment on the issue of liability, pursuant to Fed. R. Civ. P. 56(c). *Id.*

Defendant responds that Plaintiff has not filed any affidavits or other admissible evidence to support his contentions. Docket No. 137. Defendant notes that Plaintiff has filed "a number of purported medical records and reports (DE No. 123-1) in response to the defendant's Motion for Summary Judgment (DE No. 112); however, none of these documents are [*sic*] authenticated, and they are clearly hearsay and cannot be considered by the Court." *Id.* Defendant reiterates his contention that the admissible evidence before the Court (Dr. Breitling's Affidavit and the certified copy of Plaintiff's TDOC institutional medical records, which includes the records from Dr. Salcedo) establishes that Plaintiff had no medical need for a knee replacement, such that Plaintiff cannot sustain his deliberate indifference claims. *Id.* Defendant further responds that, even if Plaintiff had presented admissible evidence, "the deliberate indifference standard [would not be] met by complaints setting forth primarily a difference of opinion about the course of treatment afforded an inmate." *Id.*, citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Pohlman v. Stokes*, 687 F. Supp. 1179, 1182 (S.D. Ohio 1987).

5

On November 09, 2015, Defendant filed a "Notice to the Court of Expiration of Prison Sentence of Plaintiff Scott MacArthur," which seeks dismissal of Plaintiff's claims because his prison sentence expired on November 5, 2015 and he is no longer in TDOC custody. Docket No. 157. Defendant argues that Plaintiff seeks injunctive relief to get "a full knee replacement," but seeks no monetary damages. *Id.* Defendant asserts that because Plaintiff has been released from TDOC custody, his claims for injunctive relief are moot. *Id.*

In response, Plaintiff filed a "Motion to Stop Dismissal of Claim Due to Plaintiff Being Moved from State Custody." Docket No. 160. Plaintiff contends that during the three years he was in TDOC custody, "defendants and their counsel have continuously done everything in their power to make sure [he] received the most minimal and sometimes none [*sic*] existent care for his serious medical needs." *Id.* Specifically, Plaintiff asserts that they denied him his knee replacement surgeries, denied him his pain medication, and housed him with a cellmate who had Hepatitis C but would not test him for Hepatitis C. *Id.* Plaintiff argues that he has "a right to bee [*sic*] on this matter and [have it] settled by a jury," such that Defendant's request to dismiss this action as moot should be denied. *Id.*

Defendant, in his "Response on Behalf of Derrick Schofield to Plaintiff's 'Motion to Stop Dismissal of Claim Due to Plaintiff Being Moved from State Custody' (DE No. 160)," reiterates his contention that Plaintiff's claims for injunctive relief are moot now that Plaintiff is no longer in TDOC custody. *Id.*

For the reasons set forth below, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 112) be GRANTED, and that this action be DISMISSED. Accordingly, the remaining matters should be DENIED AS MOOT.

## II. Undisputed Facts[4]

Defendant Derrick Schofield is the TDOC Commissioner and was so employed at the time the allegations in the Complaint arose. Docket No. 1.

Melissa Breitling, M.D., is a physician duly licensed to practice medicine in the State of Tennessee since 1991. Docket No. 62, Affidavit of Melissa Breitling, M.D., ¶ 1. Dr. Breitling received her Doctor of Medicine degree at the University of Alabama School of Medicine in 1986, and completed residencies in pediatric medicine and internal medicine in 1989 and 1991, respectively, in Memphis, Tennessee. *Id.* At all times relevant to this action, Dr. Breitling was the attending physician at the Hardeman County Correctional Faciltity in Whiteville, Tennessee. *Id.*

In January, 2014, shortly after intake into TDOC custody, Plaintiff was moved from the Marshall County Jail to the Hardeman County Correctional Facility. *Id.*, ¶ 2. Dr. Breitling examined Plaintiff on January 23, 2014, at the Hardeman County Correctional Facility. *Id.*, ¶ 3. During this examination, Plaintiff reported having been injured in a trucking accident, asked what could be done for him regarding chronic pain management, and asked if he might have a knee replacement. *Id.* Also during the examination, Plaintiff wore a brace for his existing left foot drop condition, and he displayed no difficulty or apparent discomfort repeatedly getting up and/or moving around the room. *Id.* Upon Plaintiff's physical examination, Dr. Breitling noted that Plaintiff had full range of motion in both of his knees. *Id.* Dr. Breitling did note crepitance of the left knee with flexion or extension of the joint. *Id.*

---

[4] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

7

Plaintiff brought with him to Dr. Breitling's examination certain of his prior pharmaceutical records, which demonstrated that in 2011, he was regularly prescribed Lortab, a narcotic analgesic. *Id.*, ¶ 4. Plaintiff's prescriptions were from an orthopedist and a family physician. *Id.* The quantities shown as having been dispensed to Plaintiff during that time were, in Dr. Breitling's opinion, well in excess of accepted medical standards for the use of narcotic analgesics. *Id.* Dr. Breitling noted, for example, that over one period of 23 days, Plaintiff had received 340 tablets of Lortab, which Dr. Breitling calculated averaged out to be a concerning 14 tablets per day. *Id.*

Upon completion of her January 23, 2014, examination of him, Dr. Breitling diagnosed Plaintiff with osteoarthritis of the left knee and left foot drop. *Id.*, ¶ 5. Dr. Breitling's treatment plan for Plaintiff's diagnosed conditions consisted of non-narcotic analgesics. *Id.*

In Dr. Breitling's opinion, there is no clinical indication of need for replacement of either of Plaintiff's knees, no clinical indication of need for the use of narcotics as part of Plaintiff's pain management, and no clinical indication of need at the time of her Affidavit for any mobility aids or prostheses other than the brace that Plaintiff already wears for his foot drop. *Id.*

Pepita Salcedo, M.D., performed a physical examination and evaluation of Plaintiff on August 8, 2014, at DeBerry Special Needs Facility, and prepared a Medical Report thereon. Docket Nos. 77-1; 115-1, p. 7-8. In his Report, Dr. Salcedo indicated that Plaintiff was being administered Depakote, Remeron, and Tylenol #3. *Id.* Dr. Salcedo reported Plaintiff's history of arthritis in both knees, and did not conclude that a knee replacement was medically indicated for Plaintiff. *Id.* Dr. Salcedo indicated that Plaintiff's treatment plan was that he "will be housed at DeBerry until otherwise ordered by the court." *Id.*

Plaintiff's TDOC institutional medical records do not demonstrate a medical need for Plaintiff to have knee replacement surgery. Docket No. 115-1, p. 1-93.

### III. Law and Analysis

### A. Local Rules 56.01(c) and (g)

Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Turning first to Defendant's Motion for Summary Judgment (Docket No. 112), Plaintiff has failed to respond to Defendant's Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no disputed facts in the case at bar. Because this case presents no disputed facts, there is no genuine issue as to any material fact, and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.[5]

---

[5] Although Plaintiff filed his own "Motion for Summary Judgement [*sic*] Liability" (Docket No. 135), Plaintiff did not file either a supporting Memorandum of Law or a Statement of Undisputed Material Facts, as required by the Rules. Because the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 112) be granted and that the

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendant's Motion for Summary Judgment (Docket No. 112) solely on the ground that Plaintiff has failed to respond to Defendant's Statement of Undisputed Facts. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met his burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,

---

remaining matters be denied as moot, the undersigned will not further discuss Plaintiff's failure to file the requisite supporting materials.

2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C.  42 U.S.C. § 1983**

**1.  Generally**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## 2. Eighth Amendment

### a. Generally

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct.

285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735

(6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

**D.  The Case at Bar**

As discussed above, Plaintiff raises an Eighth Amendment deliberate indifference claim, asserting that the named Defendants were deliberately indifferent to his serious medical needs

14

because he was being denied knee replacement surgery and pain medication. Docket No. 1. The undisputed facts, however, demonstrate that there is no clinical indication of need for replacement of either of Plaintiff's knees, no clinical indication of need for the use of narcotics as part of Plaintiff's pain management, and no clinical indication of need for any mobility aids or prostheses other than the brace that Plaintiff already wears for his foot drop. Docket No. 63, ¶ 5; *see also* Docket Nos. 77-1; 115-1. Absent a clinical indication of need for knee replacement surgery, Plaintiff cannot sustain his deliberate indifference claim for the denial of such surgery.

It is further undisputed that Plaintiff received non-narcotic analgesic pain medication, as well as Depakote, Remeron, and Tylenol #3. Docket Nos. 63, ¶ 5; 77-1; 115-1. The constitution guarantees Plaintiff adequate medical care as someone whom the State has incarcerated; it does not, however, guarantee Plaintiff the medical care of his choosing. Because the undisputed facts demonstrate that Plaintiff did, in fact, receive pain medication, he cannot sustain his deliberate indifference claim for not receiving the same narcotic pain medication he had before being incarcerated.

## IV. Conclusion

For the reasons discussed above, the undersigned concludes that Plaintiff cannot sustain his Eighth Amendment deliberate indifference claim. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 112) be GRANTED, and that this action be DISMISSED. The undersigned additionally recommends, therefore, that the remaining matters be DENIED AS MOOT.[6]

---

[6] Even though neither "Department of Health Services/TDOC" nor "Dr. R. Stulz" has been served, for the reasons discussed herein, Plaintiff's inability to sustain his Eighth Amendment deliberate indifference claim would likewise preclude recovery against them.

15

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

---

Accordingly, the undersigned's recommendation for dismissal extends to the unserved parties as well.